DEGAYNOR *v.* DICKINSON COUNTY MEMORIAL HOSPITAL
BOARD OF TRUSTEES.

1. HOSPITALS—MUNICIPAL CORPORATIONS—ZONING ORDINANCES.

Statute authorizing the establishment of county public hospitals
but specifically providing that their board of trustees shall not
conduct their activities in a manner inconsistent with the ordi-
nances of the city in which located would subject such a
hospital to municipal zoning ordinances (CL 1948 and CLS-
1956, § 125.581 *et seq.*; CL 1948, § 331.154).

2. MUNICIPAL CORPORATIONS—ZONING ORDINANCE—SETBACK LINES
—HOSPITALS—APPROVAL.

A zoning ordinance which has been duly adopted under statutory
authority by a city in which board of trustees of a county
public hospital has located its hospital and which ordinance-
includes provision for setback requirement affording a rea-
sonable amount of rear yard or court area for all buildings-
is applicable to such hospital notwithstanding approval of
plans and specifications by State board of health, as such
approval does not involve location or zoning requirements (CL.
1948 and CLS 1956, § 125.581 *et seq.*; CL 1948, §§ 331.154,
331.158).

3. SAME—BUILDING PERMIT—APPLICATION.

A city building permit was of no force and effect, where it was
based on an application that did not correctly state the facts.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 58 Am Jur, Zoning § 129.
  Applicability of zoning regulations to governmental projects or
  activities. 61 ALR2d 970.
[3] 58 Am Jur, Zoning § 184.
[4] 37 Am Jur, Municipal Corporations § 261.
[5] 38 Am Jur, Municipal Corporations § 522.
[6] 58 Am Jur, Zoning § 195.
[7] 19 Am Jur, Equity § 515.
  Pleading laches. 173 ALR 326.
[8] 58 Am Jur, Zoning § 190.
[9] 14 Am Jur, Costs § 91 *et seq.*

4. Same—Building Permit—Ordinances.
   A city engineer is without authority to grant a building permit in violation of the ordinance of the city under which it was sought (CL 1948 and CLS 1956, § 125.581 *et seq.*).

5. Same—Limitation of Powers of Agents.
   All persons dealing with municipalities and their agents act with constructive, if not actual, knowledge of the limitations upon the delegated powers of cities and their instrumentalities.

6. Same—Zoning Board of Appeals—Building Permit—Application.
   The failure of a city zoning board of appeals to overrule the invalid act of the city engineer in issuing a building permit for construction of addition to county public hospital that was invalid because based on an application that did not correctly state the facts, did not result in giving force and effect to the building permit, since it was not within the power of the appeal board to sustain it (CL 1948, §§ 331.154, 331.-158).

7. Equity—Laches.
   Laches is an affirmative defense and must be pleaded and proved accordingly.

8. Injunction—Laches—Construction of Building.
   Plaintiffs were not guilty of laches in suit to enjoin construction of addition to county public hospital which would violate setback requirements of city zoning ordinance, brought by taxpayers including nearby residents who claim irreparable injury as a result of the proposed construction, where they commenced their suit 4 days after contractor began excavating for the addition (CL 1948, §§ 331.154, 331.158).

9. Costs—County Public Hospital—Zoning Ordinance.
   No costs are allowed on appeal in suit to enjoin construction of addition to county public hospital in violation of rear setback provision in city zoning ordinance (CL 1948 and CLS 1956, § 125.581 *et seq.*; CL 1948, § 331.158).

Appeal from Dickinson; Rushton (Carroll C.), J., presiding. Submitted April 7, 1961. (Docket No. 40, Calendar No. 48,830.) Decided June 29, 1961.

Bill by Eugene J. DeGaynor, Victor Kral, and John P. Gagnon, property owners, against the Board

of Trustees, Dickinson County Memorial Hospital, a Michigan corporation, to enjoin construction of addition, the setback lines of which are in violation of city zoning ordinance. Bill dismissed on motion. Plaintiffs appeal. Reversed and remanded.

*Edward J. Dundon,* for plaintiffs.

*John N. McNeil,* for defendant.

CARR, J. This suit involves the construction of an addition to the Dickinson County Memorial Hospital. The bill of complaint filed by plaintiffs alleged that in 1958 the board of supervisors authorized the preparation of plans for the desired addition to the hospital, which is located in the 400 block of Woodward avenue in the city of Iron Mountain. An election was called within the county to pass on the question of granting authorization to the board of supervisors to issue bonds not exceeding the amount of $900,000, with a second proposal granting authority to said board to levy a tax for the payment of said bonds. Said election, as appeared from the averments of the bill of complaint, was held February 16, 1959, both proposals submitted being decided affirmatively.

It is claimed that the plans originally prepared by a hospital construction consultant contemplated the erection of the proposed addition to the existing west wing of the hospital, the addition to run in a north and south direction. It is further claimed that in June, 1959, the board of trustees abandoned the original plan and adopted a new plan for an addition to the north wing of the hospital along Detroit avenue, which plaintiffs assert is the rear of the hospital. The city of Iron Mountain had in force and effect at the time a zoning ordinance requiring a setback line in a rear yard of 20 feet. The pro-

posed plans as adopted by the defendant board, and which defendant is now seeking to carry out, called for an addition to the hospital to a point 4–1/2 feet from Detroit avenue on one end and approximately 8 feet on the other. It is not disputed that such plan of construction violates the municipal zoning ordinance if such ordinance is applicable.

Plaintiffs' pleading further alleged that they are the owners of real estate assessed for taxes, and, in particular, that plaintiff DeGaynor is the owner and occupant of a residence immediately north and across the street from the proposed addition as now planned. In his behalf it was asserted that he will suffer irreparable injury as a result of such construction if permitted. The property of said plaintiff and the hospital property as well were classified in the zoning ordinance as residential "A". It was further averred by plaintiffs that the new addition would extend 170 feet along Detroit avenue. Injunctive relief was asked against defendant, both temporary and permanent.

On the filing of the bill of complaint an order was granted plaintiffs requiring defendant board to show cause why a temporary injunction should not issue as prayed, said order containing a restraining clause. Defendant did not file answer to plaintiffs' pleading but submitted a motion to set aside the restraining order and to dismiss the bill of complaint. It was alleged as the grounds thereof that the provisions of the zoning ordinance of the city of Iron Mountain were not applicable to the construction of the county hospital or of the addition thereto. In the alternative, it was claimed that the defendant had been granted a "valid building permit" by the city engineer of Iron Mountain on May 6, 1960, and that said permit had not been reversed by the municipal zoning board of appeals, a 2/3 vote for such reversal being required. It was also asserted in defendant's

motion that plaintiffs were guilty of laches in the filing of the bill of complaint, that the damages claimed by them were conjectural in nature, and that if an injunction were granted as sought by the plaintiffs additional expenditure of public funds would be required and delay would occur in furnishing the contemplated hospital facilities. In support of the latter claims the affidavit of the chairman of defendant board was filed with the motion.

A hearing on the motion to dismiss the bill was had before the circuit judge on June 2, 1960. Following the taking of some testimony the circuit judge indicated that he did not think it necessary to proceed further, and that he had decided to dispose of the controversy on the basis of legal questions rather than on the proofs. He agreed with defendant's contention that the zoning ordinance of the city of Iron Mountain was not applicable to defendant, that plaintiffs were guilty of laches, and that the defendant board had not abused the discretion vested in it by statute. An order was accordingly entered dissolving the restraining order and dismissing the bill of complaint. From such order plaintiffs have appealed.

The basic question at issue in the case is whether the zoning ordinance of the city applied to the building operations of the defendant. Defendant is operating subject to the provisions of PA 1913, No 350, as amended.* Said act provides for the appointment of a board of trustees and defines its powers and duties. The following clause in section 4 (CL 1948, § 331.154 [Stat Ann 1956 Rev § 14.1134]) is significant:

"The board of hospital trustees shall make and adopt such by-laws, rules and regulations for its

---

* CL 1948, § 331.151 *et seq.*, as last amended by PA 1960, No 43 (see Stat Ann 1956 Rev and Stat Ann 1959 Cum Supp § 14.1131 *et seq.*).

own guidance and for the government of the hospital as may be deemed expedient for the economic and equitable conduct thereof not inconsistent with this act, and the ordinances of the city or town wherein such public hospital is located."

It will be noted that the legislature made specific reference to local ordinances, and we find nothing in the statute indicating that an exception was intended to be made with reference to municipal zoning ordinances.

The authority of a city or village to adopt a zoning ordinance likewise rests on statute. *Krajenke Buick Sales* v. *Hamtramck City Engineer,* 322 Mich 250. Such authority was expressly conferred by PA 1921, No 207.* Section 2 of said act (CL 1948, § 125.582 [Stat Ann 1958 Rev § 5.2932]) is significant as indicating the scope of the police powers granted. It reads as follows:

"The legislative body of cities and villages may regulate and limit the height and bulk of buildings hereafter erected, and regulate and determine the area of yards, courts, and other open spaces, and for such purposes divide any city or village into districts of such number, shape and area as may be deemed best suited to carry out the purposes of this section. Such regulations shall be uniform for each class of buildings throughout each district, but the regulations in 1 district may differ from those in other districts. Such regulations shall be made in accordance with a plan designed to lessen congestion on the public streets, to promote public health, safety and general welfare, and shall be made with reasonable consideration, among other things to the character of the district, its peculiar suitability for particular uses, the conservation of property values and the general trend and character of building and population development."

* CL 1948 and CLS 1956, § 125.581 *et seq.* (Stat Ann 1958 Rev § 5.2931 *et seq.*).

It is well-settled by repeated decisions of this Court that provisions of a zoning ordinance must be reasonable in their application. In the instant case no claim is made that the setback provision relating to rear yards or courts is arbitrary or unreasonable. Rather, it is defendant's contention that it is not bound to observe the restrictions imposed by municipal ordinances. With such claim we cannot agree. In granting authority to municipalities to enact and to enforce zoning ordinances the legislature did not see fit to provide for exceptions to the exercise of such power. Had it been intended that boards of trustees of county hospitals, organized under the statute above cited, could erect structures in disregard of valid regulations prescribed by ordinances, and of general application, we think specific provision to that end would have been made. Implying any such intent is at variance with the provision of the statute above set forth requiring the boards of trustees of county hospitals to give recognition to local ordinances. The trial court was in error in holding that the ordinance was not applicable to the defendant. The fact that the county hospital act in section 8 thereof (CL 1948, § 331.158 [Stat Ann 1956 Rev § 14.1137]) requires that plans and specifications adopted by the board of trustees must be approved by the State board of health does not alter the situation. Such provision has no reference to location or to zoning ordinance requirements.

It appears that until differences of opinion arose the defendant board recognized the application of the ordinance and the necessity of complying therewith. Under date of April 6, 1960, an application for a building permit was made by the construction company to which defendant had awarded a contract for the construction of the contemplated extension. The application was denied by the city engineer, and the zoning board of appeals of the city sustained

such action. On May 6th following the contractor filed a second application showing plans for a set-back of 8 feet from Detroit avenue on the east end of the proposed addition, and 12-1/2 feet on the west end. Apparently such action was based on the theory that Detroit avenue was not at the rear of the hospital but, rather, along 1 side of it. Such claim is not consistent with the testimony taken on the hearing before the circuit judge. It was there stated, and not controverted, that the hospital fronted on Woodward avenue, that is, that the entrance was on the south side and that, in consequence, Detroit avenue was at the rear. On the basis of the statements made in the application, the building permit was granted by the engineer, and the appeal board failed to overrule such action by the required 2/3 vote.

Apparently such permit was not at the time deemed satisfactory or sufficient, and on May 20, 1960, the construction company again made application for a building permit requesting the right to construct the addition 4-1/2 feet back from Detroit avenue. Such permit was denied, and the action of the city engineer was sustained. On May 23d, however, 2 days prior to the action of the board of appeals, the contractor began excavating for the north addition. The bill of complaint was filed May 27th and a temporary restraining order, as above noted, was issued at that time with an order to show cause why a temporary injunction should not be granted.

As before noted, defendant in its motion to dismiss the bill of complaint relied on the claim that it had a valid permit granted by the city engineer on May 6, 1960. Said permit was obviously open to question on the ground that the application therefor referred to the location of the addition to the hospital as on the *side* of the existing building rather

than on the rear. It was granted on the assumption that the representation was correct, and that the ordinance would not be violated by an 8-foot setback. However, the plan under which defendant actually proceeded called for a setback of 4-1/2 feet, as the third application for a permit indicated. Under the factual situation as presented to the court by the motion to dismiss the bill of complaint, the permit issued by the city engineer on May 6, 1960, was of no force and effect. Based on an application that did not correctly state the facts, as was clearly indicated by the later application for a permit filed by the contractor, it may not be regarded as a valid permit, and certainly did not authorize the defendant and its contractor to proceed with a construction with a setback at the rear of the hospital of only 4-1/2 feet instead of the 20 feet required by the zoning ordinance. The city engineer was without authority to grant a permit in violation of the ordinance of the city under which it was sought.

A similar situation was involved in *Building Commission of the City of Detroit* v. *Kunin*, 181 Mich 604 (Ann Cas 1916C, 959), in which this Court affirmed a decree of the circuit court granting injunctive relief to prevent a violation of the city building code. The Court quoted with approval the following statement from the opinion of the circuit judge (pp 612, 613):

"What, then, is the situation of the defendants? They procured a permit which had no legal status, since no such authorization is warranted by the ordinance. The defendants must be held to have had notice of this. All persons dealing with municipalities and their agents act with constructive, if not actual, knowledge of the limitations upon the delegated powers of cities and their instrumentalities. The defendants took nothing with their permit. It

was an extralegal instrument.  Of itself, it was without efficacy."

The above case was followed in *Fass* v. *City of Highland Park,* 326 Mich 19, in which analogous cases from other courts were cited.  See, also, *Cook* v. *Bandeen,* 356 Mich 328, 333.

The permit of May 6, 1960, being in violation of the ordinance, the failure of the zoning board of appeals to set it aside by the requisite 2/3 vote of the members of said board is without legal significance.  Strictly speaking, there was nothing before said board.  It follows that the claim made on behalf of defendant that the permit became final 5 days after the appeal board undertook to take action is without merit.  Failure to overrule an invalid act did not result in giving force and effect to such act.  It was in violation of the ordinance, and it was not within the power of the appeal board to sustain it.  The situation presented in *Tireman-Joy-Chicago Improvement Association* v. *Chernick,* 361 Mich 211, is not analogous to that in the case at bar.  The claim there made was that the appeal board in exercising the authority to grant variances from prescribed regulations had acted arbitrarily and improperly.  The right of the appeal board to exercise jurisdiction on application for variances was not in question.  In the case at bar the permit issued by the city engineer was invalid because not authorized by the ordinance of the city.

On the face of the record that we have before us it may not be said that plaintiffs were guilty of laches in filing their suit.  Laches is an affirmative defense and must be pleaded and proved accordingly.  It does not appear that any testimony taken before the circuit judge on the hearing of defendant's motion to dismiss was directed to this issue.  As yet plaintiffs have had no opportunity to prove the damages that they claim in their bill of complaint.

It is to be regretted that expense and additional costs may have resulted from the procedure followed in this case. Nonetheless the issues presented must be determined insofar as it is possible to do so. The case is remanded to the circuit court with directions to set aside the order dismissing the bill of complaint, with leave to defendant to file its answer within 15 days after such remand, for trial on the issues of fact raised by the parties in their pleadings. In view of the nature of the controversy, no costs are allowed.

DETHMERS, C. J., and KELLY, SMITH, BLACK, EDWARDS, KAVANAGH, and SOURIS, JJ., concurred.