MAZO *v.* CITY OF DETROIT.

1. MUNICIPAL CORPORATIONS—ZONING—LIQUOR LICENSES—TRANSFER —WAIVER.

Transfer of location of liquor licenses to another building 160 feet away, *held*, in violation of city ordinance where there is more than 1 bar within 1000 feet of the boundaries of plaintiff's proposed site unless limitation is waived by city council (Detroit Zoning Ordinance, § 10–1D).

2. SAME—ZONING ORDINANCE—NONESTOPPEL.

Nonestoppel of municipalities to enforce their zoning ordinances is the general rule in this State, in the absence of exceptional circumstances.

3. SAME—ZONING ORDINANCES—RELIANCE UPON APPROVAL.

Incurrence of expenses in reliance upon conditional zoning approval *held*, not justifiable reliance, where plaintiff knew she must obtain an occupancy permit and comply with parking regulations.

4. SAME—ZONING ORDINANCE—WAIVER PROVISION—CONSTRUCTIVE NOTICE.

Plaintiff, claiming estoppel of city to enforce zoning ordinance prohibiting use of building for a bar except on waiver by city

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 30A Am Jur, Intoxicating Liquors § 140.
[2, 4, 5] 58 Am Jur, Zoning §§ 178, 192, 193.
[3] 58 Am Jur, Zoning §§ 194, 201, 202.
[6] 37 Am Jur, Municipal Corporations §§ 222, 260, 261, 264, 268.
[7] 58 Am Jur, Zoning §§ 146, 147, 153, 155.
[8] 58 Am Jur, Zoning §§ 146, 155.
Zoning: changes, repairs, or replacements in continuation of nonconforming use. 87 ALR2d 4.
[9] 58 Am Jur, Zoning §§ 25, 28, 30, 146.
[10] 58 Am Jur, Zoning § 258.
[11] 30A Am Jur, Intoxicating Liquors § 140; 58 Am Jur, Zoning § 258.
[12] 5 Am Jur 2d, Appeal and Error § 1009.

council because of erroneous approval of use by city department of buildings and safety engineering, is charged with constructive knowledge that council must waive the ordinance provision, and that department of buildings or police department could not waive (Detroit Zoning Ordinance § 10–1D).

5. SAME—ZONING—ILLEGAL PERMITS—ESTOPPEL.

City is not estopped to enforce its zoning ordinance because plaintiff made expenditures in reliance upon erroneous approval by city department of buildings and safety engineering of proposed use of a building for a bar, when zoning ordinance forbade the use except on waiver by city council (Detroit zoning ordinance, § 10–1D).

6. SAME—LIMITATION OF POWERS OF AGENTS.

All persons dealing with municipalities and their agents act with constructive, if not actual, knowledge of the limitations upon the delegated powers of cities and their instrumentalities.

7. SAME—ZONING REGULATIONS—TRANSFER OF NONCONFORMING USE.

Zoning regulations may confer a right to a given nonconforming use of property, but do not confer a right to transfer that use to another location.

8. SAME—NONCONFORMING USE.

A nonconforming use may be continued provided there is no physical change other than necessary maintenance and repairs (Detroit Zoning Ordinance § 3.3).

9. SAME—ZONING ORDINANCES—IMPROVEMENT OF RESIDENTIAL DISTRICTS—NONCONFORMING USES.

A city can use its zoning ordinances to improve residential districts by refusing to authorize additional nonconforming businesses.

10. SAME—REVIEW—ZONING.

A decision of city common council which is supported by competent, material, and substantial evidence on the whole record is final insofar as it involves discretion or the findings of fact (Const 1963, art 6, § 28).

11. SAME—REVIEW—REVERSAL FOR ABUSE OF DISCRETION.

Denial of waiver of location limitation to use building for a bar by city council, after study and report by city plan commission *held,* not to be an abuse of discretion under evidence presented (Detroit Zoning Ordinance, §§ 3.3, 10–1D, 18.3).

12. COSTS—PUBLIC QUESTION—WAIVER OF ZONING ORDINANCE—
   LIMITATION.
   No costs are allowed on appeal by city from waiver of limitation
      in its zoning ordinance granted by circuit court, a public ques-
      tion being involved.

Appeal from Wayne; Bohn (Theodore R.), J.
Submitted Division 1 October 5, 1967, at Detroit.
(Docket No. 3,767.) Decided February 26, 1968. Re-
hearing denied April 8, 1968.

Complaint by Claire S. Mazo against the City of
Detroit and its common council seeking reversal of
denial of her petition for waiver of a zoning ordi-
nance. Judgment for plaintiff. Defendant appeals.
Reversed.

*Klayman & Stone,* for plaintiff.

*Robert Reese,* Corporation Counsel, *John F.
Hathaway,* Assistant Corporation Counsel, and
*Ronald G. Winiemko,* Assistant Corporation Coun-
sel, for defendant.

*Amicus Curiae:*

*Robert E. Childs,* for Regent Park Homeowners'
Association.

LESINSKI, C. J. From a denial by the Detroit
common council of her petition for waiver of a zon-
ing ordinance whose terms would prohibit the con-
templated use of her leased premises as a bar, plain-
tiff sought relief in the circuit court, which decided
that plaintiff had the right to use her premises as a
bar.
   The following issues are presented to this Court
for review:

1. Whether the transfer of location of the liquor licenses added another bar to the area within the contemplation of the ordinance.

2. Whether the city is estopped to enforce its ordinance because of plaintiff's reliance on unauthorized zoning approval.

3. Whether the action of the common council in denying plaintiff's petition for waiver constituted an abuse of discretion.

The plaintiff, Claire S. Mazo, applied to the Michigan liquor control commission July 8, 1965, for a transfer to her of the ownership and location of class "C" and "SDM" liquor licenses previously issued for 15232 East Eight Mile road in the city of Detroit. Since she had been unable to negotiate a lease at this location, plaintiff decided to establish her bar at 15270 East Eight Mile, about 160 feet east of 15232 East Eight Mile road, on the south side of East Eight Mile road, between Hayes and Brooks. From the Detroit police department, to whom the liquor control commission referred her application, plaintiff received a form to be submitted to the Detroit department of buildings and safety engineering, for the approval of the zoning status of her proposed location. On November 4, 1965, she obtained from this department a rubber-stamped approval:

"Department of Buildings
and
Safety Engineering
City of Detroit
Nov 4, 1965
Bureau of Buildings
Examined and Approved
Under Zoning Ordinance
by 'Richardson' "

After receipt of this approval, plaintiff negotiated a lease for 15270 East Eight Mile and began to make expenditures in preparation for opening a bar.

Meanwhile, her application followed its course. The Detroit police department notified the Michigan liquor control commission by letter dated November 12, 1965, that the proposed location was in compliance with the zoning ordinance. On February 28, 1966, the bankruptcy court, which had gained title to the licenses by reason of the former licensee's bankruptcy, approved an agreement for assignment of the licenses to plaintiff.

In April, 1966, the Detroit police department, pursuant to a request by the liquor control commission, conducted a survey in the neighborhood of 15270 East Eight Mile regarding plaintiff's proposed establishment of a bar. A majority of those surveyed approved, and on August 17, 1966, the department approved the transfer of ownership and relocation of the licenses.

But later, when plaintiff applied again to the Detroit department of buildings and safety engineering for a building permit to make alterations, the department refused the permit and withdrew its earlier approval of zoning status, having realized that plaintiff's proposed use of 15270 East Eight Mile was prohibited by section 10-1D of the Detroit zoning ordinance, applicable to B-2 districts, which reads in its pertinent part as follows:

"pool and billiard rooms, pawnshops, shoeshine parlors, second-hand stores, taxi dance halls, and establishments used for the sale of beer and/or intoxicating liquors for consumption on the premises, provided that any of these uses established after the effective date of this amendment shall be so located that there is not in existence more than 1 lodging house, hotel, other pool or billiard room, pawnshop, shoeshine parlor, second-hand store, taxi dance hall,

or establishment used for the sale of beer and/or intoxicating liquors for consumption on the premises within 1,000 feet of the boundaries of the site of the proposed said use. This location limitation may be waived by the common council after report and recommendation from the city plan commission and upon finding that such use (1) will not be injurious to the contiguous or surrounding neighborhood, (2) will not be conducive to the spread of blight by creating a more unfavorable environment in which to rear children or by creating a less wholesome community, and (3) will not be contrary to the public interest, so that the spirit of the ordinance shall be observed, public safety secured, and substantial justice done. The common council may impose other conditions and limitations to carry out such purposes."

Two bars are now in operation on the south side of East Eight Mile between Hayes and Brooks. Plaintiff contends on appeal that since the two bars existing now are not within 1,000 feet of each other, her bar would be a permissive use not requiring waiver. The contention is contradicted by the plain words of the ordinance. The ordinance requires that the measurement of the distance start with the proposed location and radiate out 1,000 feet.

The boundaries of the site of plaintiff's proposed bar are within 1,000 feet of two existing bars. Therefore, by the terms of the ordinance, a waiver by the common council of the location limitation is necessary if plaintiff is to be authorized to use her leased premises as she proposes.

Plaintiff petitioned the Detroit common council for waiver October 10, 1966. The petition was referred to the city plan commission. At a staff hearing held on October 24, 1966, after due notice mailed October 14, counsel for the plaintiff made her case. The staff, after testimony taken in favor of and in opposition to plaintiff's proposed establishment of a bar, recommended denial of plaintiff's request to the

city plan commission at its regular meeting October 25, 1966. The commission, after hearing the staff's presentation and considering the request, carried a motion that "the establishment of this use at this location would be injurious to the contiguous or surrounding neighborhood, conducive to the spread of blight, and contrary to the public interest; and further, that the request of Claire S. Mazo for approval to permit the establishment of a bar at 15270 East Eight Mile between Hayes and Brooks be denied."

The Detroit common council, in regular session November 1, 1966, followed the recommendation of the city plan commission and denied plaintiff's petition. December 6, 1966, the common council voted again, 7–0, against waiver, and on January 24, 1967, the council denied a petition for rehearing.

The trial court gave judgment in favor of plaintiff, for it concluded that it would be inequitable to deny her a waiver since she had incurred detriment in reliance on approvals given by city officers; and the trial court concluded further that the Detroit common council, in denying plaintiff's petition, had abused its discretion.

We are sympathetic with the hardship plaintiff has suffered and may yet suffer, but we must conclude that the trial court erred.

Plaintiff claims estoppel of the city to enforce its ordinance, since she made expenditures in reliance on erroneous approval she received from the city's officers. But the authority in this State does not support her claim, for nonestoppel of municipalities in the enforcement of zoning ordinances is the rule in Michigan. Plaintiff advances one case in which the Supreme Court allowed estoppel against the enforcement of a zoning ordinance, *Township of Pittsfield* v. *Malcolm* (1965), 375 Mich 135. But exceptional circumstances not present here formed the basis

for the equitable estoppel granted against the township of Pittsfield. The township had been guilty of laches in standing by during the construction of animal kennels and in waiting 10 months after occupancy before challenging the owner's right to continue using the building as a kennel. Important to the Court's decision in *Township of Pittsfield* was the finding that the building in question was of doubtful utility other than as an animal kennel. Miss Mazo testified that she spent about $6,500 for rent, renovation and utilities. She makes no allegation that her expenditures have rendered her premises useless except as a bar.

Furthermore, the Court, in *Township of Pittsfield,* in granting an exception under the circumstances, expressly affirmed the nonestoppel rule of *Fass* v. *City of Highland Park* (1949), 326 Mich 19. The city of Highland Park had for three years granted a property owner annual licenses to sell live poultry in his retail store, and then it refused to grant an annual renewal because the use was in violation of the city ordinance. The Supreme Court, after reviewing the authority in this State and in other jurisdictions, concluded that the municipality was not precluded from enforcing a zoning regulation because its officer had exceeded his authority by issuing a license contravening the terms of the ordinance, even though the license holder had proceeded in reliance to his detriment. In *Fass,* Plaintiffs had obtained a building permit from the city engineer and had constructed and equipped a store in reliance on the opinion of the board of zoning appeals that the sale of live poultry was a permissible use. They alleged loss of property rights if not allowed to continue the previously authorized use, but the Court decided that their acts "being unauthorized and in express contravention of ordinance provisions of the city, plaintiffs acquired no

vested right to use their property for a purpose forbidden by law." *Fass v. City of Highland Park, supra*, p 31.

The circumstances arguing for estoppel in *Fass* were far stronger than those plaintiff brings to us. The Supreme Court has followed *Fass* in recent cases, *Jourden v. Wyoming Township* (1960), 358 Mich 496, and *DeGaynor v. Dickinson County Memorial Hospital Board of Trustees* (1961), 363 Mich 428, and we must follow likewise.

Furthermore, plaintiff's reliance, even if in good faith, was not justifiable. Handwritten on the form stamped by the department of buildings that plaintiff claims as the basis for estoppel was the notation: "Approved subject to occupancy permit and parking regulation." The section of the Detroit zoning ordinance covering this provision is section 18.3 which provides: "No certificate of occupancy pursuant to the building code * * * shall be issued unless the building, structure, or part thereof, and the use of the land, covered by such certificate, conforms in all respects with the provisions of this ordinance."

Similarly, the August 17, 1966 letter of approval to the liquor control commission from the Detroit police department stated that its approval was "subject to compliance with the ordinance of the city." Thus, plaintiff had actual notice that there were additional requirements to be complied with before she could consider that she had a green light to go ahead and incur expense in preparation for opening a bar. The enforcement of zoning ordinances would be unraveled if courts were to allow premature expenditures to force the hand of plan commissions and city councils.

Plaintiff must be charged with at least constructive knowledge of the zoning ordinance provision requiring a waiver by the common council. Neither the

department of buildings nor the police department could exercise the authority vested in the common council. The language in *Building Commission of the City of Detroit v. Kunin* (1914), 181 Mich 604, 612, quoted by the Court in *Fass, supra,* p 27, states the principle applicable here.

" 'They [the defendants] procured a permit which had no legal status, since no such authorization is warranted by the ordinance. The defendants must be held to have had notice of this. All persons dealing with municipalities and their agents act with constructive, if not actual, knowledge of the limitations upon the delegated powers of cities and their instrumentalities. The defendants took nothing with their permit. It was an extralegal instrument. Of itself, it was without efficacy.' "

Plaintiff argued and the trial court emphasized that, since there previously had been three bars operating in this same block, the situation would be no worse if plaintiff were to be granted her petition. But the argument misses the mark. The previous nonconforming use, validly existing at 15232 East Eight Mile, does not confer a right on plaintiff to establish a new nonconforming use at 15270 East Eight Mile. Zoning regulations may confer a right to a given use of property; they do not confer a right to transfer a use from one location to another. Section 3.3 of the Detroit zoning ordinance limits nonconforming uses as follows:

"The following regulations shall apply to all nonconforming buildings and structures or parts thereof, and uses existing at the effective date of this ordinance.

"(a) any such nonconforming building or structure may be continued and maintained provided there is no physical change other than necessary maintenance and repair in such building or structure."

The previous nonconforming use existed before the effective date of section 10–1D, March 1, 1962. That plaintiff was unable to negotiate a lease at that location does not confer on her a right to establish a new nonconforming use at a different location now, after the effective date of the ordinance.

Section 10–1D is a "skid row" ordinance whose object is to prevent neighborhood deterioration and whose validity no one contests. Mr. Elmer Mueller, head city planner, testified that it was the city's object to minimize the problems created by the congestion of liquor bars in a neighborhood. The city may legitimately use its ordinance to improve the condition of a neighborhood by refusing to authorize new nonconforming uses. *Austin* v. *Older* (1938), 283 Mich 667. This decision lay within the discretion of the common council.

For plaintiff to have obtained a valid approval, it was essential by the terms of the ordinance, section 10–1D quoted *supra,* that she obtain a waiver from the common council.

We cannot agree with the trial court that the common council abused its discretion. The council is vested with authority to grant waiver after recommendation by the city plan commission and upon making a specified finding. In voting to deny plaintiff's petition, the council followed the recommendation of the city plan commission and found that the conditions that would justify waiver were not satisfied. The plan commission's finding was made after a graphic presentation by its staff, after plaintiff's counsel argued her case, and after testimony was taken in favor of and in opposition to plaintiff's proposed establishment of a bar. That a majority of those in the neighborhood surveyed in April, 1966 by the Detroit police department approved of the bar's establishment was not conclusive; that majority

could not bind the plan commission or the city council. The findings were "supported by competent, material and substantial evidence on the whole record." Const 1963, art 6, § 28. The constitutional requirement was satisfied.

The trial judge inspected the premises and the surrounding area, and he formed the opinion that the conditions that would support a waiver under the ordinance were satisfied in this case. However, absent a proper finding of an abuse of discretion, the trial court cannot override the decision of the common council. *Brae Burn, Inc., v. City of Bloomfield Hills* (1957), 350 Mich 425; *Indian Village Manor Company* v. *City of Detroit* (1967), 5 Mich App 679.

The judgment of the circuit court is reversed. No costs are awarded since a public question is involved.

J. H. GILLIS and T. G. KAVANAGH, JJ., concurred.