### DeROSE *v.* CITY OF LANSING.

1. LICENSES—LIQUOR CONTROL—DISCRETION OF LOCAL LEGISLATIVE BODY—JUDICIAL REVIEW.

   The discretionary power of a local legislative body to disapprove an application to transfer a liquor license is not absolute and beyond the scope of judicial review if there has been a denial of equal protection of the laws.

2. SAME—LIQUOR CONTROL—TRANSFER OF LIQUOR LICENSE—DISCRETION OF LOCAL LEGISLATIVE BODY—JUDICIAL REVIEW.

   Disapproval by city council of an application to transfer location of a liquor license solely because of advice from the local police department when the premises to which the transfer was sought had held similar businesses for 15 years, when similar places of business close to the premises to which transfer was sought had been allowed to expand *after* the application in question was disapproved and when operation at the new location would not be prevented by any zoning ordinances or restrictions was a breach of discretion and a denial of equal protection of the laws.

3. SAME—LIQUOR CONTROL—DISCRETION OF LOCAL LEGISLATIVE BODY—JUDICIAL REVIEW—COSTS—PUBLIC QUESTION.

   No costs are awarded on appeal from a lower court ruling that the exercise of discretion by a local legislative body in passing upon a request to transfer a liquor license was subject to judicial review and that discretion had been abused, a public question being involved.

Appeal from Ingham, Hughes (Sam Street), J. Submitted Division 2 June 6, 1968, at Lansing. (Docket No. 4,783.) Decided September 12, 1968.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 30 Am Jur, Intoxicating Liquors §§ 167–170.
   Transfer of retail liquor license or permit from one location to another. 98 ALR2d 1123.
[3] 5 Am Jur 2d, Appeal and Error § 1009.

Complaint by Paul DeRose, operator of Amedeo's Club, against the City of Lansing for review of an action by defendant disapproving transfer of location of a liquor license, and for an order directing defendant to approve plaintiff's application for transfer.   Judgment for plaintiff.   Defendant appeals.   Affirmed.

*Dunnings & Gibson,* for plaintiff.

*Michael F. Cavanagh,* City Attorney, for defendant.

Fenlon, J.   Defendant, City of Lansing, appeals from a judgment entered December 5, 1967, ordering defendant to approve the relocation of plaintiff's bar.

Paul DeRose, plaintiff, conducts a business at 228 North Washington Avenue, Lansing, Michigan, named Amedeo's Bar, with a Class C liquor license, and dance entertainment permit.   Plaintiff was requested in June, 1965, to relocate because of an urban redevelopment program encompassing his present establishment.   Plaintiff-appellee applied to the liquor control commission for tranfer of location of his licensed business from 228 N. Washington to 111 W. Michigan avenue in Lansing.   The liquor control commission, acting upon an unfavorable recommendation of the Lansing city council, denied the request.   Defendant contends the discretionary power of the local legislative body is absolute and without review, citing *Scott* v. *Arcada Township Board* (1934), 268 Mich 170, and also relying heavily on *Hanson* v. *Romeo Village Council* (1954), 339 Mich 612.   *Scott* involves an area which prohibited the sale of liquor and in *Hanson* the Romeo village council refused renewal of a license

obtained under PA 1933, No 64; power to do so came to them through a subsequent act, PA 1933 (Ex Sess), No 8. The desire to be dry was a community concern, and no abuse of discretion was shown in *Scott. Hanson, supra,* is not in point. These cases do not negate the Court's power to review a frustrated application for a liquor license. In the instant case we are not dealing with a new license, nor is plaintiff being refused a license. Here we are concerned with the transfer of an existing license to an area where the sale of liquor is not otherwise prohibited.

*Lewis* v. *City of Grand Rapids* (CA6, 1966), 356 F2d 276, recognized the right of the court to review a municipality's refusal to transfer a liquor license. In *Lewis, supra,* the court held that an act of the local governing body is not absolute and is subject to judicial review if there has been a denial of equal protection and discrimination. Municipal ordinances and actions of the local governing body must be reasonable to be constitutional when enacted or performed under state statutes or other general or implied grants of power.

The Court's right to review decisions of local legislative bodies was affirmed by this Court in *Mazo* v. *City of Detroit* (1968), 9 Mich App 354. In *Mazo, supra,* our Court said: "absent a proper finding of an abuse of discretion the trial court cannot override the decision of common council." This statement clearly implies that if there has been a demonstration of abuse of discretion, the court does have the right to override the decision of the council.

For a period of upwards of fifteen years many businesses similar to plaintiff's were conducted at the location to which plaintiff sought to transfer his business. Until very recently the desired premises had been operated under a Class C liquor license, the same class license presently held by

plaintiff. The record shows the expansion of other similar business places and licenses in near proximity to 111 W. Michigan; that such expansion occurred subsequent to plaintiff's request for transfer. There is nothing in the record to show zoning ordinances, or other restrictions demonstrating plaintiff or plaintiff's business unfit for the premises.

The only reason ascertainable for the council's action of disapproval of plaintiff's request of transfer of his licensed location is the police department's suggestion that the transfer not be allowed. This bare record without further support is not persuasive enough to overcome the testimony adduced in favor of appellee's contention. We find that the council abused its discretion and rendered an arbitrary disapproval of plaintiff's application to relocate his business and by doing so, denied plaintiff equal protection under the 14th Amendment of the Constitution of the United States.

Affirmed. No costs, a public question being involved.

LESINSKI, C. J., and R. B. BURNS, J., concurred.