COMMERCIAL AUTO WRECKING CORPORATION *v.* BOYLE

1. ZONING—CERTIFICATE OF COMPLIANCE AND OCCUPANCY—DENIAL—
AUTO WRECKING BUSINESS—EVIDENCE—SUFFICIENCY.

> City zoning board did not abuse its discretion in denying plain-
> tiff auto wrecking corporation a certificate of compliance and
> occupancy to expand its business to a tract adjacent to its
> current business site where a zoning ordinance, provided a
> number of objective standards which the zoning board could
> use in exercising its discretion, including objections by prop-
> erty owners in the immediate area and the proximity of schools
> and other public buildings, and the record showed that nearly
> 200 area residents had complained about the proposed expan-
> sion of plaintiff's business, and that there was a school and
> a residential area approximately one half mile from the
> proposed expansion site of plaintiff's auto wrecking business.

2. ZONING — MANDAMUS — DENIAL — EVIDENCE — SUFFICIENCY —
DISCRETION.

> Denial of a writ of mandamus to compel defendant zoning
> board to issue a certificate of compliance and occupancy to
> plaintiff auto wrecking corporation was proper where the
> record showed that the defendant city, in passing an ordi-
> nance regulating the establishment of auto wrecking businesses,
> was making a uniform effort to limit the use by auto wreck-
> ing companies of the area in which plaintiff wanted to expand,
> that of the three auto wrecking businesses surrounding plain-
> tiff's proposed expansion site, the city had terminated the
> lease of one company before its zoning board denied plain-
> tiff a certificate of compliance and occupancy for its acquired

REFERENCES FOR POINTS IN HEADNOTES

[1] 58 Am Jur, Zoning §§ 47, 87, 89, 91, 95, 99, 155 *et seq.*
[2] 58 Am Jur, Zoning §§ 235, 236, 239.
[3] 58 Am Jur, Zoning § 178 *et seq.*
[4] 58 Am Jur, Zoning §§ 198, 231, 232.
[5] 34 Am Jur, Mandamus §§ 66–69.

adjacent property, that plaintiff's own auto wrecking business was allowed to continue only because it was an existing nonconforming use, and the record did not show whether the third auto wrecking business was also an existing nonconforming use.

3. ZONING—NONCONFORMING USE—ADDITIONAL PROPERTY.

A valid existing nonconforming use for one property site does not confer a right upon that nonconforming property user to establish a new nonconforming use on another piece of property since zoning regulations may confer a right to a given use of property, but they do not confer a right to transfer a use from one location to another.

4. MANDAMUS—DENIAL—EVIDENCE—DISCRETION.

Denial of a writ of mandamus to plaintiff auto wrecking corporation was proper where the evidence supported the trial judge's conclusion that plaintiff would suffer no economic loss if the defendant zoning board did not grant it a certificate of compliance and occupancy to expand its business on an adjacent site and where expert witnesses testified that plaintiff's property, if put to a permissible use, would be worth much more than the price plaintiff paid for it.

5. MANDAMUS—PUBLIC OFFICIAL—LEGAL DUTY—DISCRETION.

The remedy of mandamus is discretionary and such a writ will issue against public officials only to compel the enforcement of a clear legal duty.

Appeal from Wayne, Horace W. Gilmore, J. Submitted Division 1 November 4, 1969, at Detroit. (Docket No. 5,707.) Decided December 3, 1969. Rehearing denied January 9, 1970.

Complaint by Commercial Auto Wrecking Corporation, a Michigan corporation, against Michael J. Boyle, James M. Dick and the City of Dearborn, a municipal corporation, for a writ of mandamus to require the Dearborn zoning board to issue a certificate of compliance and occupancy allowing plaintiff to expand its auto wrecking business. Writ of mandamus denied. Plaintiff appeals. Affirmed.

G. *Daniel Ferrera,* for plaintiff.

*Ralph B. Guy, Jr.,* Corporation Counsel and *Carl P. Garlow,* Assistant Corporation Counsel, for defendant City of Dearborn.

Before: Lesinski, C. J., and Holbrook and Quinn, JJ.

Lesinski, C. J.   Plaintiff filed this suit seeking a writ of mandamus to require the city of Dearborn and its zoning board to issue a certificate of compliance and occupancy which would allow plaintiff to use its recently purchased 4-1/2 acre tract to expand its auto wrecking business, currently conducted on an adjacent four-acre tract. After trial, the circuit court denied the writ. Plaintiff appeals.

The general area in question is zoned under a classification which authorizes auto wrecking businesses only with approval of the zoning board of appeals after a hearing. The applicable section of the zoning ordinance provides a number of objective standards which the board is to use in exercising its discretion. Among these standards are objections by property owners in the immediate area and the proximity of schools and other public buildings.

Plaintiff twice sought approval from the zoning board for the proposed use, and after two hearings was twice denied. Plaintiff then brought this action, arguing that the board had abused its discretion in denying the certificate since "the parcel is adjacent to three other parcels in the same business," that the proposed activity is not a nuisance *per se,* and that if the certificate is not issued, it will suffer a $63,000 loss because of the land becoming valueless.

The testimony clearly supports the trial court's denial of the writ. Of the three auto wrecking busi-

nesses which plaintiff alleges surround the new tract, one was put out of business when the city terminated its lease before its final denial of plaintiff's request for a certificate. The second is plaintiff's own business which the city allows because it is an existing nonconforming use. As to the third, the record gives no indication whether or not it too was an existing nonconforming use. From the record taken as a whole, it appears that by the passage of the zoning ordinance, the termination of the lease of one of the other businesses, and the denial of plaintiff's request, the city is making a uniform effort to limit the use by auto wrecking companies of this area.

Plaintiff· argues that Dearborn is attempting to develop the area as an industrial park and cites *De-Mull* v. *City of Lowell* (1962), 368 Mich 242, to the effect that this is not a legal purpose. The case is not relevant, however, since in *DeMull* the city of Lowell attempted to put an existing business out of existence by putting a time limit on its future activities. The Court, in that case, did not hold that the city's purpose was unlawful, but merely that the means used to attain the goal were not authorized by statute.

Dearborn is not trying to put plaintiff off his original four acres; it is only stopping expansion onto an additional 4-1/2 acres. The more applicable case, therefore, is *Mazo* v. *City of Detroit* (1958), 9 Mich App 354. In *Mazo* this Court stated, p 363:

"Plaintiff argued   *   *   *   that, since there previously had been three bars operating in this same block, the situation would be no worse if plaintiff were to be granted her petition. But the argument misses the mark. The previous nonconforming use, validly existing at 15232 East Eight Mile, does not confer a right on plaintiff to establish a new non-

conforming use at 15270 East Eight Mile. Zoning
regulations may confer a right to a given use of
property; they do not confer a right to transfer a
use from one location to another."

Plaintiff's contention that the proposed use is not
a nuisance *per se* is conceded by defendant. Yet,
though not a *per se* nuisance, the record shows that
there were nearly 200 complaints by local residents
about the proposed use. Moreover, there is a school
about a half mile away, and a residential area be-
tween a quarter- and a half-mile away. Thus, the
trial court was clearly supported by the record in
its determination that the board's denial of the cer-
tificate was not an abuse of discretion.

Finally, plaintiff argues that "if the defendant
prevails in these proceedings, the plaintiff will not
be able to use the land,  *  *  *  and the plaintiff
will be out $63,000." Since $63,000 was the purchase
price of the land, plaintiff argues that the tract will
be valueless, if not used in the auto wrecking busi-
ness.

The weight of evidence, however, supports the
trial judge's conclusion that the plaintiff will suffer
no substantial economic loss if the certificate is not
granted. Indeed, the only two expert witnesses to
testify specifically, testified that the property, if put
to a permissible use, would be worth much more
than $63,000. The language of the Court in *Livonia
Drive-In Theater Co.* v. *City of Livonia* (1961), 363
Mich 438, 446, is equally applicable to the instant
case.

"Neither the averments of the petition nor the
stipulation of facts on which the case was heard in
the trial court suggest any possible claim that plain-
tiff is being deprived of the right to make profitable
use of its property. In other words, there is nothing
before us tending to establish the confiscation of the

property in question because of plaintiff's inability to obtain the requested license and permit. Said property is in an industrial zone, and so far as this record discloses its value for nonobjectionable industrial use may be as great or even greater than for the use thereof for a drive-in theater.

"As the situation now stands, plaintiff is not entitled to the remedy sought against the clerk or the planning commission. The remedy of mandamus is discretionary and such a writ will issue against public officials only to compel the enforcement of a clear legal duty."

Affirmed. No costs, a public question being raised. All concurred.