SCOTT *v.* TOWNSHIP BOARD OF ARCADA TOWNSHIP.

1. INTOXICATING LIQUORS—LIQUOR CONTROL COMMISSION—LIMITA-
   TIONS.
   The control conferred upon the liquor control commission by
   the Constitution is subject to statutory limitations (Const.
   1908, art. 16, § 11, Act No. 8, §§ 17, 24, Pub. Acts 1933
   [Ex. Sess.]).

2. SAME—DISCRETION OF TOWNSHIP BOARD—REVIEW.
   In the matter of approving applications for licenses to sell beer
   and wine for consumption on the premises the township board
   has discretionary power which is not subject to review by a
   court even though claimed to be arbitrarily or capriciously
   exercised (Act No. 8, § 17, Pub. Acts 1933 [Ex. Sess.]).

3. SAME—CONTROL OF TRAFFIC.
   The liquor business is such that local communities should be
   permitted to regulate the traffic within their own bounds in
   the proper exercise of their police powers subject to the
   larger control of the liquor control commission as to matters
   of which it is given exclusive power by the legislature.

4. SAME—RESTAURANT OPERATED IN CONNECTION WITH GASOLINE
   FILLING STATION IN RURAL AREA.
   Denial of approval of application for license to sell beer and
   wine for consumption on the premises by owner of restaurant
   operated in connection with gasoline filling station at inter-
   section of two highways in rural area. *held*, within power of
   the township board to act officially according to what appears
   to it to be just and proper under the circumstances and is
   not subject to review by a court (Act No. 8, § 17, Pub. Acts
   1933 [Ex. Sess.]).

Appeal from Gratiot; Searl (Kelly S.), J. Sub-
mitted June 19, 1934. (Calendar No. 37,927.) De-
cided July 2, 1934.

Mandamus by Clarence H. Scott to compel the Township Board of Arcada Township and Orlin Fletcher and others, constituting said board, to approve his application for license to sell beer and wine for consumption on his premises. Writ denied. Appeal dismissed.

*David E. McLaughlin,* for plaintiff.

*Charles H. Goggin (Paul R. Cash, Robert H. Baker* and *O. G. Tuttle,* of counsel), for defendants.

NELSON SHARPE, C. J.   Plaintiff made application to the defendant township board for approval of his application to the liquor control commission for a license to sell beer and wine in a restaurant on his premises in said township, and, on its refusal to approve, petitioned the circuit court of the county of Gratiot for a writ of mandamus to compel such action on its part. An order to show cause was issued, to which the defendant filed its answer, alleging therein that it had acted in good faith in its refusal. After a hearing, in which witnesses were sworn, the trial court entered an order denying the writ, from which the plaintiff has taken this appeal.

The evil resulting from the intemperate use of alcoholic beverages has been the subject of much concern to the people of the State of Michigan for many years. Regulation by act permitting the sale upon compliance with certain requirements proved ineffective, and this State joined many others in the adoption of the 18th amendment to the Federal Constitution in 1919, which prohibited the manufacture, sale, etc., of intoxicating liquors. This amendment was repealed in 1933.

At the fall election in 1932, the following amendment to our Constitution was adopted (article 16, § 11):

"The legislature may by law establish a liquor control commission, who, subject to statutory limitations, shall exercise complete control of the alcoholic beverage traffic within this State, including the retail sales thereof; and the legislature may also provide for an excise tax on such sales: Providing, however, that neither the legislature nor such commission may authorize the manufacture or sale of alcoholic beverages in any county in which the electors thereof, by a majority vote, shall prohibit the same."

Pursuant thereto, Act No. 8, Pub. Acts 1933 (Ex. Sess.), was enacted. It created a liquor control commission of five members and prescribed their powers and duties. It provides for the issuing of licenses by the commission to restaurants wherein beer and wine may be sold for consumption on the premises only (section 24). Section 17 contains the following provision:

"*Provided, however,* That all applications for licenses to sell beer and/or wine and/or spirits for consumption on the premises shall be approved by the local legislative body in which said applicant's place of business is located before being granted a license by the commission."

Plaintiff's application to the defendant board was made pursuant to this provision. The record discloses that he owned and operated a gasoline filling station and a restaurant connected therewith at the intersection of two highways, at a point about six miles north of the village of Ithaca and two miles south of the city of St. Louis, in the defendant town-

ship, in the county of Gratiot. It appears from the evidence submitted that he had sold beer in his restaurant during the preceding year, having had a license therefor under Act No. 64, Pub. Acts 1933, and that no complaint had been made of any disturbance or violation of law in connection therewith, and that he is a reputable citizen of the community in which he lives. His counsel admit that under the proviso in section 17 a discretion is vested in the township board in passing upon the application for approval made by him, but insist that it was exercised arbitrarily and capriciously and without any sufficient reason therefor.

The control conferred upon the liquor control commission under the constitutional proviso is ''subject to statutory limitations.'' The legislature provided in no uncertain terms that plaintiff's application for a license must be approved by the defendant board. It contains no direction or guide to the board and no definite rule by which it shall be governed in its action in approving or declining to do so. The purpose of the provision undoubtedly was to permit each local municipality to determine whether beer and wine should be sold for consumption on the premises within its limits. To avoid the expense incident to submitting the question of approval to the voters, its determination was left to the township board, the official representative of the township. By so doing the legislature assumed that this board by its determination would represent the judgment of the voters.

As already stated, the people of this State have for many years been impressed with the evils resulting from the intemperate use of alcoholic beverages, and under the law no person can engage in

the sale thereof without a license to do so. There is a clear distinction between the discretion which may be exercised in relation to a business thus conducted and one lawful in its purpose and the carrying on of which creates a property interest or vested right in the person engaged in it.

The discretion to be exercised by the board under this statute in acting upon the application here made means the power or right to act officially according to what appears to it to be just and proper under the circumstances, and action so taken by it is not subject to review by a court. As was said in the recent case of *Johnson* v. *Liquor Control Com'n,* 266 Mich. 682, 685:

"The very nature of the liquor business is such that local communities, as a matter of policy, should be permitted to regulate the traffic within their own bounds in the proper exercise of their police powers, subject to the larger control of the liquor commission as to those matters wherein the commission is given exclusive powers by the legislature."

Counsel for the plaintiff insists that as it was said in that case that no claim was made that the action of the common council was "either arbitrary or capricious" an inference should be drawn that, if· such a claim had been made, a different conclusion would have been reached. The question there involved was the revocation of a license theretofore issued. The distinction is apparent. The suggestion there made is in no way controlling on the facts here presented. The distinction between the discretion which may be exercised by local bodies in the control of different kinds of business was pointed out in *City of Grand Rapids* v. *Braudy,* 105 Mich. 670 (32 L. R. A. 116, 55 Am. St. Rep. 472), and in *Melconian* v. *City of Grand*

*Rapids,* 218 Mich. 397.    See, also, the annotation in
12 A. L. R. 1453.

The cases relied on by counsel for the plaintiff
(*Amperse* v. *City of Kalamazoo,* 59 Mich. 78;
*Hanold* v. *Common Council of the Village of Stam-
baugh,* 163 Mich. 242, and *Price* v. *Township Board
of Oakfield Township,* 182 Mich. 216) are not, in our
opinion, applicable.    In those cases it became the
duty of the municipal boards to pass upon the suffi-
ciency of liquor bonds, and it was held that they
might not arbitrarily refuse to approve them.

The appeal is dismissed.    As a public question is
involved, no costs will be allowed.

POTTER, NORTH, FEAD, WIEST, BUTZEL, BUSHNELL,
and EDWARD M. SHARPE, JJ., concurred.