DOMINICK v. MICHIGAN LIQUOR CONTROL COMMISSION.

1. INTOXICATING LIQUORS—REVOCATION OF LICENSES.
   Upon request of local legislative body it is the mandatory duty of the liquor control commission to revoke license to sell beer and/or wine and/or spirits for consumption on the premises (Const. 1908, art. 16, § 11, as amended in 1932; Act No. 8, §§ 1, 17, Pub. Acts 1933 [1st Ex. Sess.]).

2. Mandamus—Liquor Control Commission—Licenses—Intoxicating Liquors.

> Mandamus will not lie to compel liquor control commission to restore license to sell beer and/or wine and/or spirits for consumption on the premises which it had previously revoked upon request of local legislative body or grant former licensee a hearing, the remedy of such licensee, if any, being against the local legislative body (Const. 1908, art. 16, § 11, as amended in 1932; Act No. 8, §§ 1, 17, Pub. Acts 1933 [1st Ex. Sess.]).

Mandamus by Julius Dominick to compel the Michigan Liquor Control Commission and others to set aside order revoking a liquor license or grant a hearing. Submitted April 9, 1935. (Calendar No. 38,363.) Writ denied June 3, 1935.

*John J. Gallagher,* for plaintiff.

*Harry S. Toy,* Attorney General, and *Peter J. Monaghan, Jr.,* and *Edmund E. Shepherd,* Assistants Attorney General, for defendants.

Potter, C. J.   Plaintiff was the holder of a license to sell beer for consumption on the premises leased by him at 801-803 East Michigan avenue, in Jackson, Michigan, said license expiring April 30, 1935.

The rules and regulations of the State liquor control commission provided no sales of liquor for consumption on the premises should be made between the hours of 2 o'clock a. m. and 7 o'clock a. m.

The city commission of the city of Jackson passed a resolution providing the sale of beer, wine and spirits be prohibited in the city of Jackson between the hours of 12 o'clock midnight and 7 o'clock a. m.

Claiming the resolution of the city of Jackson was in conflict with the rules and regulations of the State liquor control commission, invalid, unenforce-

able and void, plaintiff sold liquor after the passage of the resolution by the city commission of the city of Jackson, for consumption on the premises above described, after 12 o'clock midnight and until 2 o'clock a. m., whereupon the city commission of the city of Jackson passed a resolution as follows:

"By the city commission:

"Whereas this city commission is the legislative body for the city of Jackson, Michigan, and Jackson county in which said city is located, having a population of less than 500,000 according to the last federal census, and

"Whereas it is the judgment of this commission that the license approved by this commission to operate a beer garden and sell beer therein at 801-803 Michigan avenue, east, in the city of Jackson, and granted to William L. Rowley and later transferred to Julius Dominick should be revoked,

"Therefore, be it resolved, that in accordance with Act No. 8, § 17, Pub. Acts 1933 (Ex. Sess.), the liquor control commission for the State of Michigan be, and they are hereby requested to revoke said license to operate said beer garden and sell beer at the above address.

"Be it further resolved, that the city clerk be instructed to forward a certified copy of this resolution to the liquor control commission for the State of Michigan at Lansing, Michigan, by registered mail."

The State liquor control commission, acting upon the resolution of the city of Jackson, revoked the license of plaintiff, relying upon Act No. 8, § 17, Pub. Acts 1933 (Ex. Sess.).

Plaintiff applies for mandamus to compel the liquor control commission to grant him a hearing or to restore his license, contending:

1. The action of the city commission in adopting the resolution of May 1, 1934, above quoted was

illegal, void and a nullity because in contravention of Act No. 8, § 1, Pub. Acts 1933 (Ex. Sess.), wherein the liquor control commission is given the right, power and duty to control the alcoholic beverage traffic, including the manufacture, importation, possession, transportation and sale thereof, within the State of Michigan;

2. The resolution of May 1, 1934, of the city commission of the city of Jackson was void, illegal and a nullity because unreasonable in that it attempted to prohibit the sale of beer, wines and spirits between 12 o'clock midnight and 7 o'clock a. m., regardless of who might sell the beverages and regardless of how, when and where they were to be consumed;

3. If the resolution of the city commission of the city of Jackson was reasonable, then its enforcement was unreasonable as applied to plaintiff because not preceded by a hearing to determine whether plaintiff violated the terms and conditions of the application for license, as contemplated by the city charter;

4. The action of the city commission in requesting the liquor control commission to revoke plaintiff's license was capricious and arbitrary because not based upon any misconduct or violation of law or ordinance or of the regulations of the liquor control commission by plaintiff.

Though the constitutional provision (Const. 1908, art. 16, § 11, as amended in 1932) relied upon by plaintiff in general language granted the liquor control commission control over the alcoholic beverage traffic in the State, such constitutional provision makes such complete control "subject to statutory limitations," and by Act No. 8, § 1, Pub. Acts 1933 (Ex. Sess.), known as the liquor control act, the

liquor control commission is given the sole right, power and duty to control the alcoholic beverage traffic in Michigan, ''except as by this act otherwise provided.''

In counties not having a population of 500,000 or over, according to the last Federal census, in which class of counties the county of Jackson falls, the applicable provisions of Act No. 8, § 17, Pub. Acts 1933 (Ex. Sess.), provides:

''That all applications for licenses to sell beer and/or wine and/or spirits for consumption on the premises shall be approved by the local legislative body in which said applicant's place of business is located before being granted a license by the commission: *Provided further,* That upon request of the local legislative body, the commission shall revoke the license of any licensee granted a license to sell beer and/or wine and/or spirits for consumption on the premises.''

Most of the arguments of plaintiff were considered and answered in *Johnson* v. *Liquor Control Commission,* 266 Mich. 682.

The city commission of the city of Jackson is the local legislative body. Upon request made to the liquor control commission by the local legislative body of the city of Jackson, by and through the resolution above quoted, it was the mandatory duty of the liquor control commission to revoke plaintiff's license, and this court may not by writ of mandamus compel the liquor control commission to disregard the provisions of the statute prescribing its duty to revoke plaintiff's license, to be performed and exercised upon request of the local legislative body of the city. Mandamus will not lie to compel defendants to disregard the positive provisions of a mandatory statute.

The writ of mandamus is denied, but without costs, a public question being involved.

Edward M. Sharpe, J., concurred with Potter, C. J.

Fead, J. I concur. Plaintiff's remedy, if any, is against the city commission.

Nelson Sharpe, North, Wiest, Butzel, and Bushnell, JJ., concurred with Fead, J.