## HANSON v. ROMEO VILLAGE COUNCIL.

1. INTOXICATING LIQUORS—CONSUMPTION ON PREMISES—CONSTRUCTION OF STATUTES—DISCRETION OF LOCAL LEGISLATIVE BODY.

It is not mandatory that a license to permit the sale of spirits for consumption upon the premises be issued a village hotel upon the vote of the electors authorizing such sale in a village where only 2 such licenses are permissible, since the statute provides that under such circumstances the sales may be made "under the provisions of the act," a provision invoking the section vesting in the local legislative body full power and discretion with respect to approval of such licenses which is not reviewed even though exercised in an arbitrary and capricious manner (CLS 1952, §§ 436.17, 436.19c, 436.56).

2. SAME—HOTELS—LICENSES—APPROVAL—LOCAL LEGISLATIVE BODY.

Owners of hotel which is the only one in a village are not entitled, as a matter of absolute right, to a license to sell spirits for consumption on the premises, or even to consideration of their application therefor, under liquor act vesting absolute right of approval of such licenses in the local legislative body (CLS 1952, §§ 436.17, 436.19c, 436.56).

3. SAME—HOTELS—LICENSES—CONSUMPTION ON PREMISES—INJUNCTION—JUSTICIABLE INTEREST.

Hotel owners' bill to compel village council to approve their application for license to sell spirits for consumption on the premises and to enjoin a tavern owner from selling spirits other than beer and wine for consumption on the premises *held*, to have failed to disclose a justiciable interest in them as to tavern owner, since plaintiffs have no absolute right to a license or even to consideration of their application therefor (CLS 1952, §§ 436.17, 436.19c, 436.56).

REFERENCES FOR POINTS IN HEADNOTES

[2–3] 33 Am Jur, Licenses § 60.
Validity of statute or ordinance vesting discretion in public officials without prescribing a rule of action. 12 ALR 1435; 54 ALR 1104; 92 ALR 400.

Appeal from Macomb; Spier (James E.), J. Submitted April 13, 1954. (Docket No. 63, Calendar No. 46,125.) Decided June 7, 1954.

Bill by Earl Hanson and Ethel Hanson against Village Council of Romeo, village officers and others, to invalidate issuance of liquor license, and to enforce their right thereto. Bill dismissed on motion. Plaintiffs appeal. Affirmed.

*Howard H. Campbell* (*John T. Lungerhausen,* of counsel), for plaintiffs.

*Percy G. Horler* and *Ivan A. Johnston,* for defendants.

DETHMERS, J. Plaintiffs, owners of the only hotel in the village of Romeo, filed their bill of complaint praying (1) that defendant Quick, a tavern owner, be restrained from selling spirits other than beer and wine for consumption on the premises under a class "C" license; (2) that the resolution of the defendant village council, approving Quick's license therefor, be declared invalid and the council enjoined from hereafter approving such license for Quick; and (3) that it be determined that plaintiffs are entitled to approval of their application for a class "B" hotel license for such sale of spirits. From an order granting defendants' motion to dismiss, plaintiffs appeal.

Prior to March 9, 1953, such sale of spirits for consumption on the premises could not lawfully be made in the village. Plaintiffs operated under a class "A" hotel license permitting the sale of beer and wine for consumption on the premises. Two tavern owners in the village, defendant Quick and another, held "tavern" licenses permitting such beer and wine sales. On the mentioned date a majority of the electors of the village voted, at a referendum election

conducted under the provisions of CLS 1952, § 436.-56 (Stat Ann 1953 Cum Supp § 18.1027), in favor of permitting the sale of spirits, in addition to beer and wine, for consumption on the premises in the village. Thereafter plaintiffs filed with the village council an application for approval of a class "B" hotel license and the 2 tavern owners filed for approval of class "C" licenses for their taverns, all to authorize such sales of spirits. Under the provisions of CLS 1952, § 436.19c (Stat Ann 1953 Cum Supp § 18.990[3]), not to exceed 2 such licenses may be granted in the village since the population is only 3,500. The village council first considered and approved the application of the other tavern owner and then that of defendant Quick, but took no action on that of plaintiffs.

Plaintiffs' chief contention is that the provisions of CLS 1952, § 436.56 (Stat Ann 1953 Cum Supp § 18.1027), permit the sale of spirits for consumption on the premises by restaurants and hotels and that when the electors of a village exercise their referendum powers under that section a mandate results, both by operation of the statute and the vote of the electors, directing the village council to approve licenses for such sales in both hotels and restaurants. From that premise plaintiffs reason that, after a referendum, in any village with a population such that only 2 licenses are permissible under the statute, 1 must be granted to a hotel and the other to a restaurant or tavern. We do not so read the statute. The last sentence of the section of the statute in question provides simply that, upon a majority vote of the electors to that effect, the sale of spirits for consumption on the premises may be made "under the provisions of this act." There is nothing there to suggest the class of license under which such sales are to be made. Reference to sales "under the provisions of this act" clearly invokes the provisions of

CLS 1952, § 436.17 (Stat Ann 1953 Cum Supp § 18.-988), which, by its own terms, applies to all licenses for sales of spirits for consumption on the premises and vests in the local legislative body full power and discretion with respect to approval of such licenses. Even though exercised in an arbitrary and capricious manner, we do not review it. *Scott v. Arcada Township Board,* 268 Mich 170. There is, accordingly, no validity to plaintiffs' contention. Even if their construction of the statute were accepted as correct, it would not follow that, because they own the only existing hotel in the village, the class "B" hotel license must necessarily be granted to them and not to some other applicant who might take the necessary steps to qualify therefor. Inasmuch as plaintiffs have no absolute right to a license, as contended, or to consideration of their application therefor, their bill of complaint is devoid of allegations disclosing a justiciable interest in them in the question of whether defendant Quick was properly granted a license or should be permitted to sell spirits. It follows that other contentions of the plaintiffs need not be discussed and that the order to dismiss must be and it is affirmed, with costs to defendants.

Butzel, C. J., and Carr, Bushnell, Sharpe, Boyles, Reid, and Kelly, JJ., concurred.