## COLOCASIDES v. LIQUOR CONTROL COMMISSION

1. ADMINISTRATIVE LAW—LICENSES—LIQUOR LICENSE—REMANDING— CHANGE OF ORDER.

Circuit court's remanding for an evidentiary hearing a Liquor Control Commission's order revoking plaintiff's license gave the commission the power, after a due process hearing, to change its earlier order revoking plaintiff's license unless transferred within 60 days, even though the earlier order had not been appealed and had become final, because no rights had vested by reason of the earlier order (MCLA § 24.108[6]).

2. ADMINISTRATIVE LAW—AGENCY'S POWER—CHANGE OF ORDER— REMANDING.

An administrative agency may have the power to reconsider or modify its decision where a reviewing court remands the decision after passing on the matter and a remand may be made, with or without recourse to statutory authority, before the court has made its decision because the principles governing judicial review of administrative actions do not preclude a

REFERENCE FOR POINTS IN HEADNOTES

[1, 2] 2 Am Jur 2d, Administrative Law §§ 521, 527, 762.

court from giving an administrative agency an opportunity to correct or to supplement its original order.

Appeal from Wayne, Theodore R. Bohn, J. Submitted Division 1 December 10, 1970, at Detroit. (Docket Nos. 9233, 9234.) Decided January 22, 1971.

Complaint by Costas Colocasides and George Blond against the Liquor Control Commission to compel return of a tavern license to Colocasides and approval of its transfer to Blond. Relief denied. Plaintiffs appeal. Affirmed.

*Ivan E. Barris,* for plaintiff Colocasides.

*James J. Rossie,* for plaintiff Blond.

*Frank J. Kelley,* Attorney General, and *John H. Shepherd,* Special Assistant Attorney General, for the defendant.

Before: DANHOF, P. J., and HOLBROOK and VAN DER WAL,* JJ.

DANHOF, P. J.   The plaintiffs have appealed from an order of a Wayne County circuit judge dated March 23, 1970, which dissolved a restraining order and affirmed earlier orders of the Michigan Liquor Control Commission revoking the tavern license of plaintiff Colocasides.

There is no factual dispute in this case. Costas Colocasides owned a restaurant in Detroit known as the "Grecian Gardens" and was licensed to sell liquor there. He was convicted of bribery and conspiracy to bribe a police officer.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Thereafter the Michigan Liquor Control Commission charged Mr. Colocasides with violating the Michigan liquor control act. Colocasides appeared before the commission and acknowledged his guilt. On December 19, 1967, the commission ordered his license revoked "unless transferred to a person or persons approved by the commission within a period of 60 days". No appeal was taken.

Within the 60-day period a request to transfer the license to George Blond was filed with the commission. On February 20, 1968, the commission modified its earlier order and revoked the license effective at the close of business March 10, 1968, because it thought mere change of ownership would not alleviate conditions at the particular location which were and would continue to be contrary to the health, welfare, and morals of the people of this state. The plaintiffs sought and were granted a hearing before the full commission which was conducted on March 14, 1968. On March 20, 1968, the commission issued an order which reaffirmed its order of February 20, 1968.

The plaintiffs then filed suit in the Wayne County Circuit Court (Case No. 108–242). By order entered February 21, 1969, that court remanded the entire matter to the commission so that Mr. Colocasides could be heard on the revocation of the license and the Attorney General could submit evidence in support of the denial.

A hearing was held on September 17, 1969, and the commissioner entered an order affirming the revocation. An appeal to the full commission was taken, a hearing held, and on November 3, 1969, the full commission reaffirmed the order of September 17, 1969.

The plaintiffs filed a new complaint (Case No. 146–524) in the Wayne County Circuit Court and

also filed a petition for further relief in the original case (No. 108–242).  The cases have been consolidated for hearing and decision.

The plaintiffs take the position that once the appeal period from the orders of December 19, 1967 had elapsed and, thus, the orders had become final, the Michigan Liquor Control Commission had no jurisdiction or power to change the orders.

The defendant concedes that there is no question as to plaintiff Blond's character and that the orders of December 19, 1967 were changed, not merely implemented.  The defendant takes the position that when the circuit court remanded the matter to the Liquor Control Commission for a hearing on the question of whether the license should be revoked the commission then had the power, after a due process hearing, to change or modify its earlier orders, at least where as here no rights have vested by reason of the earlier orders.

We hold that the defendant's position is sound. It is supported by 2 Am Jur 2d, Administrative Law, § 527, pp 338, 339, which states:

"The power of administrative agencies to reconsider or modify their decisions may exist by reason of a remand of a reviewing court after it has passed on the matter under review, and such a 'remand' or remission may also be made before the court has made a decision, either under a statute providing for reconsideration by the agency upon transmission of different or additional evidence heard by the court upon review, under a statute authorizing the court to order the taking of additional evidence by the administrative agency, under a statute providing for remand after the case has come under the jurisdiction of the court, under a statute authorizing the court generally to remand for further proceedings, or without recourse to any statutory authority.  The principles governing judicial review of adminis-

trative action do not preclude a court from giving an administrative agency an opportunity to correct or supplement its original order."

See also *Nyman* v. *Detroit Police Pension Committee* (1942), 302 Mich 520, 525.

MCLA § 24.108(6) (Stat Ann 1969 Rev § 3.560 [21.8] [6]), repealed by PA 1969, No 306, effective July 1, 1970, states:

"The court may affirm the decision of the agency *or remand the case for further proceedings.*"   (Emphasis added.)

The two Michigan cases cited by the plaintiffs are readily distinguishable.  *In re Application of Joe Brown & Sons* (1935), 273 Mich 652, concerned the power of the Public Service Commission to grant a rehearing after the statutory time for filing had elapsed.  No remand from a court was involved. *Greyhound Corporation* v. *Public Service Commission* (1960), 360 Mich 578, concerned the validity of a commission order in the absence of notice and a hearing as prescribed by statute.

Affirmed, costs to the defendant.

All concurred.