*793 MARILYN Kelly, J.
(concurring in part and dissenting in part). I concur with the result reached in Protect Our Jobs v Board of State Canvassers (Docket No. 145748), Michigan Alliance for Prosperity v Board of State Canvassers (Docket No. 145753), and The People Should Decide v Board of State Canvassers (Docket No. 145755). But I respectfully dissent from the result reached in Citizens for More Michigan Jobs v Secretary of State (Docket No. 145754).
The proposed constitutional amendment involved in Citizens for More Michigan Jobs neither alters nor abrogates article 4, § 40 of the state Constitution.[1] Because that section would not be altered or abrogated, there is no need for the petition to satisfy the republication requirement.[2] Accordingly, I would grant mandamus and direct the Board of State Canvassers, the Secretary of State, and the Director of Elections to take the steps necessary to place the proposed amendment on the November 2012 general election ballot.
The law governing this case is clear and was established long ago. If a proposed amendment would directly abrogate existing language in our Constitution, the existing language must appear on the petition. Thirty-two years ago, this Court held that a constitutional provision will be abrogated if a proposed amendment would render the provision “wholly inoperative.”[3] For an existing provision to be wholly inoperative, the provision would have to be rendered a nullity[4] or it would have to be impossible to harmonize it with the proposed amendment.
*794 Article 4, § 40 of our Constitution states that the Legislature “may by law establish a liquor control commission which, subject to statutory limitations, shall exercise complete control of the alcoholic beverage traffic within this state, including the retail sales thereof.”[5] The majority reasons that the proposed constitutional amendment would abrogate the “complete control” language of this provision because it would grant liquor licenses to eight new casinos.[6] The majority posits that
[bjecause complete control necessarily communicates the exclusivity of control, any infringement on that control abrogates that exclusivity .... The proposed section would nullify the “complete” control currently established by the Constitution by taking specific decisions whether to grant or deny a liquor license to the newly established casinos out of the “control” of the commission.[7]
This reasoning is flawed. If § 40 is read in its entirety, it becomes apparent that the “complete control” of the Liquor Control Commission (LCC) is neither complete nor exclusive. Rather, it is subject to limits that the Legislature chooses to place on it.[8]
If the Legislature may subject the LCC’s control to limitations, then so may the people of this state. The people have an inherent and superior right to amend the Constitution and to alter the authority of the *795 legislatively created LCC.[9] Should the voters pass the proposed constitutional amendment, it would be controlling by its nature, irrespective of whatever authority the Legislature has bestowed on the LCC. Moreover, because the LCC’s “complete control” is subject to limitation both by statute and by the people, a constitutional amendment affecting that control cannot render the language of § 40 a nullity. Therefore, the proposed amendment cannot abrogate it.
Clearly, constitutional language limits the control of the LCC over alcoholic-beverage traffic in the state. Even if one were to pretend that it does not, the Court must give effect to the intent of the people in adopting constitutional provisions.[10] Therefore, should one conclude that the proposed amendment, if adopted, would collide with article 4, § 40, the Court is obliged to seek a construction that harmonizes the two. And in this case, harmonization is perfectly possible.
The proposed constitutional amendment would create eight new casinos. It is within the authority of the people to create the casinos and require the LCC to issue a liquor license to each of them. The authority of the LCC to decide whether to issue liquor licenses is qualified by statute and by the people. Hence, the existing constitutional provision and the proposed constitutional amendment may be read in harmony to give effect to the intent of the people if the people pass the amendment.
It should be noted, moreover, that the proposed constitutional amendment does not grant a perpetual *796 liquor license to each casino. It merely states that the casinos “shall be granted liquor licenses . . . .” The licenses would be subject to the liquor laws enforced by the LCC through the control that the Legislature has granted it.[11]
For all these reasons, I would allow the proposed amendment in Citizens for More Michigan Jobs to go to a vote of the people.
CAVANAGH and HATHAWAY, JJ., concurred with MARILYN Kelly, J.

 Const 1963, art 4, § 40.

 See Const 1963, art 12, § 2.

 Ferency v Secretary of State, 409 Mich 569, 597; 297 NW2d 544 (1980).

 See Massey v Secretary of State, 457 Mich 410, 418; 579 NW2d 862 (1998); Coalition to Defend Affirmative Action & Integration v Bd of State Canvassers, 262 Mich App 395, 402; 686 NW2d 287 (2004).

 Const 1963, art 4, § 40.

 The proposed amendment states, in part, that “[a]ll of the casinos authorized by this section shall be granted liquor licenses issued by the state of Michigan to serve alcoholic beverages on the premises.”

 Ante at 790-791.

 Const 1963, art 4, § 40; Scott v Arcada Twp Bd, 268 Mich 170, 173; 255 NW 752 (1934) (quotation marks omitted), overruled on other grounds by Bundo v City of Walled Lake, 395 Mich 679, 702-703 (1976) (“The control conferred upon the liquor control commission under the constitutional proviso is subject to statutory limitations.”).

 Citizens can petition for a constitutional amendment in accordance with the requirements of Const 1963, art 12, § 2.

 “It is a maxim that the object of construction [of constitutional language], is to ultimately ascertain and give effect to the intent of the people in adopting it.” Sch Dist of City of Pontiac v City of Pontiac, 262 Mich 338, 346; 247 NW 474 (1933).

 See MCL 436.1103 et seq.